# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

ESTATE OF DAVID PAUL MCFARLIN,
by its Personal Representative, JAMIE
LAASS; JAMIE LAASS, individually; and
JAMIE LAASS, as parent and next friend
of S.L.,

        Plaintiffs,

vs.

CITY OF STORM LAKE, an Iowa
municipal corporation; BUENA VISTA
COUNTY, an Iowa municipal corporation;
LAKE IMPROVEMENT COMMISSION,
an Iowa code chapter 28E organization;
BRUNSWICK CORPORATION, a
Delaware corporation, d/b/a MERCURY
MARINE and LUND BOAT COMPANY;
HARRY FOOTE, RANDY REDIG,
RUSSELL HARRINGTON, and DAVID
BOTINE,

        Defendants.

No. C 10-4092-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING DAVID
MCFARLIN'S MOTION TO JOIN
AS A NECESSARY PARTY OR TO
DISMISS AND THE DREDGING
DEFENDANTS' JOINDER IN THE
MOTION TO DISMISS**

---

## TABLE OF CONTENTS

I. **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A. *Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B. *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    A. *McFarlin's Rule 19 Motion To Join* . . . . . . . . . . . . . . . . . . . . . . 5
    B. *The Dredging Defendants' Rule 19 Motion To Dismiss* . . . . . . . . . . . . 7

    *1.*     *Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . 8
    *2.*     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *a.*     *Rule 19 standards* . . . . . . . . . . . . . . . . . . . . . . 9
        *b.*     *The feasibility analysis* . . . . . . . . . . . . . . . . . . 11
        *c.*     *The necessary party analysis* . . . . . . . . . . . . . . 11
            *i.*     *Necessary party under Rule 19(a)(1)(A)* . . . . . . 11
            *ii.*    *Necessary party under Rule 19(a)(1)(B)(i)* . . . . 13
            *iii.*   *Necessary party under Rule 19(a)(1)(B)(ii)* . . . . 18
        *d.*     *The equity analyses* . . . . . . . . . . . . . . . . . . . . . 20

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Must an estranged father be allowed to join in or force the dismissal of this diversity action arising from the death of a minor child brought by the child's mother on behalf of the child's estate and on behalf of herself and her surviving child for bystander emotional distress and loss of consortium? The mother opposes joinder or dismissal, because the estranged father would destroy diversity jurisdiction, but one group of defendants agrees that this action must be dismissed, because the estranged father is a necessary party, but cannot feasibly be joined. I must determine not only the merits of the estranged father's demand to join the action or dismiss it, but the proper procedural vehicle for him to assert that demand.

# I. INTRODUCTION

## A. Factual Background

The facts giving rise to the present lawsuit are few, but tragic. Plaintiff Jamie Laass (Laass) alleges that, on May 31, 2010, she was riding with her two children, David Paul McFarlin (David) and S.L., in a boat operating on Storm Lake in Buena Vista County when the boat struck a submerged dredge pipe causing the boat's motor to flip up into the boat with the propeller still running. The motor, including the spinning prop, struck David, causing his death. David was ten years old when he died.

## B. Procedural Background

On October 1, 2010, Laass filed her Complaint (docket no. 1) initiating this lawsuit on behalf of David's estate, herself, and her surviving minor child, S.L., to recover damages related to the boating accident that resulted in David's death. Laass named as defendants the owner and operator of the boat, Harry Foote; the manufacturer of the boat's motor, Brunswick Corporation, d/b/a Mercury Marine and Lund Boat Company (Mercury Marine/Lund); and the parties allegedly responsible for the dredge pipe and dredging operation on Storm Lake, the City of Storm Lake, Buena Vista County, the Lake Improvement Commission, Randy Redig, Fussell Harrington, and David Botine (collectively, the Dredging Defendants). Laass asserts a claim on behalf of David's estate for damages related to David's injury and death allegedly resulting from the defendants' negligence. She also asserts claims on behalf of herself and her surviving minor child, S.L., for damages for emotional distress related to their presence as bystanders during the

accident and for loss of consortium.[1] The Lake Improvement Commission filed an Answer (docket no. 4) on October 20, 2010, and an Amended Answer (docket no. 5) on October 25, 2010; Mercury Marine/Lund filed an Answer (docket no. 8) on October 29, 2010; the remaining Dredging Defendants (Buena Vista County, City of Storm Lake, Redig, Harrington, and Botine) filed an Answer (docket no. 11) on November 9, 2010; and Foote filed an Answer (docket no. 12) on November 18, 2010.

Laass brought this action in federal court pursuant to 28 U.S.C. § 1332, on the basis of diversity of citizenship and an amount in controversy in excess of $75,000. The Complaint and Answers reveal that Laass is a citizen of Nebraska; Harry Foote and the Dredging Defendants are all citizens of Iowa; and Mercury Marine/Lund is a Delaware corporation authorized to do business in Iowa. Thus, there is, at present, complete diversity between the plaintiff and the defendants.

On June 15, 2011, David McFarlin (McFarlin), an Iowa citizen and David's father, filed a Motion To A. Join As A Party Per FRCP 19; Or, In The Alternative, To

---

[1]More specifically, in Count I of her Complaint, Laass asserts a claim on behalf of David's estate against Foote for negligence in operating and maintaining the boat and motor; in Count II, she asserts a claim on behalf of David's estate for negligence against the Dredging Defendants for negligence in the course of the dredging operation; in Count III, she asserts a claim on behalf of David's estate against Mercury Marine/Lund for negligent design and warnings relating to the boat motor; in Count IV, she asserts a claim against all defendants on behalf of herself and S.L. for bystander emotional distress from witnessing David's injuries and suffering while they were also within the ambit of the danger caused by the defendants' negligence; in Count V, she alleges a claim on behalf of herself and S.L. against all defendants for loss of consortium; and in Count VI, she asserts a claim for punitive damages against all defendants on the ground that the conduct elsewhere alleged was grossly negligent and legally malicious. I am uncertain whether Iowa law provides siblings with a right to recover damages for loss of consortium; however, that question is not at issue on the motion now before me.

B. Dismiss The Within Action (docket no. 23), which is now before me. On July 1, 2011, the Dredging Defendants (including the Lake Improvement Commission) filed a Partial Resistance To Motion To Intervene/Dismiss (docket no. 24), resisting intervention or joinder of McFarlin on the ground that allowing intervention or joinder would deprive the court of diversity jurisdiction, but joining in McFarlin's motion to dismiss so that a new action including McFarlin could be filed in state court. On July 5, 2011, Laass filed her Resistance (docket no. 25), asserting that McFarlin's motion to "join" as a required party, pursuant to Rule 19, is properly a motion to intervene pursuant to Rule 24, but that neither his intervention nor dismissal of this action is appropriate.

I regret that the press of other matters, including a two-week stint as a visiting judge in the District of the Northern Mariana Islands, prevented me from reaching this matter sooner.

## II. LEGAL ANALYSIS

### A. McFarlin's Rule 19 Motion To Join

McFarlin, a non-party to the suit, moves to be joined in this action as a necessary or "required" party pursuant to Rule 19 of the Federal Rules of Civil Procedure or, if joinder is not feasible, to dismiss the action so that the parties can join their claims in a state forum. However, McFarlin's motion pursuant to Rule 19 is procedurally inappropriate: Only parties to a suit may move to join a necessary party pursuant to Rule 19. *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995). Alternatively, the court may order the joinder of a necessary party *sua sponte*. FED. R. CIV. P. 19(a)(2). Where an interested person has improperly filed a Rule 19 motion, the court must treat it as a motion to intervene pursuant to Rule 24 of the Federal Rules of

Civil Procedure. *Arrow*, 55 F.3d at 409. Therefore, I will construe McFarlin's Rule 19 motion to join as a Rule 24 motion to intervene.

As pertinent here, Rule 24 provides as follows:

> **(a)** **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> **(2)** claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). However, federal courts may not join persons to an action if the courts do not have jurisdiction to hear their claims. *See generally Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552-54 (2005) (discussing the nature of the federal courts' authority to hear diversity claims). Section 1367(b) of Title 28 of the United States Code, which applies only to diversity cases, withholds supplemental jurisdiction over the claims of plaintiffs proposed to be joined under Federal Rules of Civil Procedure 19 and 24. *Exxon Mobile*, 545 U.S. at 560; *see also Griffin v. Lee*, 621 F.3d 380, 390 (5th Cir. 2010) (interpreting the jurisdictional exclusions in 28 U.S.C. § 1367(b) to mean that persons who fall within the exclusions may not be joined to a federal action). Although the Eighth Circuit Court of Appeals has not addressed the issue of whether a court must deny intervener motions of non-diverse persons in actions based solely on diversity, other courts of appeals have. *E.g., Griffin*, 621 F.3d at 390. In *Griffin*, the Fifth Circuit Court of Appeals denied a non-diverse intervenor's motion to join because 28 U.S.C. § 1367(b) withholds supplemental jurisdiction over non-diverse persons seeking to intervene under Rule 24 when the court's only basis for original jurisdiction over the

action is diversity under 28 U.S.C. § 1332. *Id.; see also TIG Insurance Co. v. Reliable Research Co.*, 334 F.3d 630, 635 (7th Cir. 2003) (dismissing the plaintiff intervenor's claim for lack of jurisdiction because its citizenship was not diverse from the party against whom it was asserting the claim). Moreover, nothing in the language of Rule 24 suggests any other outcome but denial of a motion to intervene where there would be no jurisdiction to hear the intervenor's claims once he was joined.

Because McFarlin is not a party to this litigation, his motion to join was improperly brought under Rule 19 and should be treated as a motion to intervene under Rule 24. *Arrow*, 55 F.3d at 409. Even if McFarlin otherwise satisfies the conditions for intervention as of right under Rule 24, I must deny his motion because this court does not have jurisdiction to hear his claim. *Griffin*, 621 F.3d at 390. The sole basis for original jurisdiction over the action at hand is diversity of citizenship. Because McFarlin is seeking to intervene as a plaintiff,[2] and is a citizen of Iowa, he may not bring a claim against the defendants, all citizens of Iowa or Delaware, in federal court under 28 U.S.C. § 1332. Because 28 U.S.C. § 1367(b) declines to extend supplemental jurisdiction to claims of non-diverse persons seeking to intervene under Rule 24 in actions where federal jurisdiction is based solely on diversity, I will deny McFarlin's Rule 19 motion, construed as a Rule 24 motion to intervene.

### B. The Dredging Defendants' Rule 19 Motion To Dismiss

The Dredging Defendants, as parties to this suit, may properly bring a motion to join a "required" party under Rule 19, *see Arrow*, 55 F.3d at 409, and they have

---

[2]There is no question that McFarlin's interests are properly aligned with the plaintiffs' and against the defendants' in the present action.

effectively done so by joining McFarlin's improperly brought alternative Rule 19 motion to dismiss.[3] Therefore, although McFarlin may not intervene in this action under Rule 24, it is still essential to determine whether he is a "required" party under Rule 19(a), and if so, whether he can feasibly be joined, *id.*, and if not, whether "in equity and good conscience" the suit may proceed without him or should be dismissed. *See* FED. R. CIV. P. 19(b).

### 1.    *Arguments of the parties*

McFarlin and the Dredging Defendants argue that McFarlin is a necessary party under Rule 19(a) because he claims an interest in damages for loss of filial consortium due to the defendants' alleged negligence, and an adverse judgment for Laass in this action would impede his ability to protect this interest in state court because of the doctrine of issue preclusion. McFarlin and the Dredging Defendants also argue that failure to join McFarlin's loss of consortium claim with Laass's claims would expose the defendants to the extra cost of litigating claims related to the same event in different forums. Both also argue that allowing claims as closely related as Laass's and McFarlin's to be litigated separately would unnecessarily tax judicial resources. Laass argues that McFarlin's claims in a separate action would not be subject to issue preclusion, where his joinder in this action is not feasible.

---

[3]Even if no party to the suit moved for dismissal under Rule 19 for inability to join a necessary party, the court would be free, if necessary, to decide this issue *sua sponte*. FED. R. CIV. P. 19(b).

### 2. Analysis

#### a. Rule 19 standards

Rule 19 requires that, if feasible, absent persons must be joined in an action if they are necessary to the fair and complete adjudication of the claims at issue. *Bailey v. Bayer CropScience*, 563 F.3d 302, 308 (8th Cir. 2009). More specifically, Rule 19 provides as follows:

> **(a)** **Persons Required to Be Joined if Feasible.**
>
> **(1)** ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1); *and compare* FED. R. CIV. P. 24(a)(2) (a court must permit the joinder of a person seeking to intervene if that person "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest").

Joinder of a necessary party is mandatory when feasible. Fed. R. Civ. P. 19(a)(1) (defining persons who must be joined, if feasible) & (a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."). On the other hand, if joinder is not feasible, then the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(a)(1) indicates that a person who can feasibly be joined is one "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." It follows that a person who cannot feasibly be joined is one who either is not subject to service of process or who would deprive the court of subject matter jurisdiction.

As to whether the action should proceed or be dismissed in the absence of a necessary party, Rule 19(b) identifies the pertinent factors that the court should consider, as follows:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> **(2)** the extent to which any prejudice could be lessened or avoided by:
>
> **(A)** protective provisions in the judgment;
>
> **(B)** shaping the relief; or
>
> **(C)** other measures;
>
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
>
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4).

### b. The feasibility analysis

Here, the central reason for the Dredging Defendants' joinder in McFarlin's alternative motion to dismiss is that they acknowledge that McFarlin's joinder is not feasible, because it would destroy diversity jurisdiction. They assert that, consequently, the court must dismiss this action, so that it can be refiled in state court where all necessary parties can be joined. I agree that McFarlin's joinder is not "feasible," as required for joinder pursuant to Rule 19(a)(1), where, as explained above, this court does not have diversity subject matter jurisdiction over his claims, because his joinder would destroy complete diversity. *See* 28 U.S.C. § 1332 (defining diversity subject matter jurisdiction); 28 U.S.C. § 1367(b) (withholding supplemental jurisdiction over claims of non-diverse persons seeking to intervene under Rule 24 in actions where federal jurisdiction is based solely on diversity). Because Rule 19(a)(1) explains that the court must join a "required" party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction," the necessary implication is that a person who will deprive the court of subject matter jurisdiction is one who cannot feasibly be joined. Thus, whether or not I should dismiss this action, where McFarlin's joinder is not feasible, turns, in the first instance, on whether or not he is a required party within the meaning of Rule 19(a), and only secondarily on whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed" pursuant to Rule 19(b).

### c. The necessary party analysis

I find that, under Rule 19 and applicable Iowa law, McFarlin is not a necessary party to the present action on any of the grounds that he asserts.

***i. Necessary party under Rule 19(a)(1)(A)***. Under Rule 19(a)(1)(A), a person is necessary to an action if the court cannot accord complete relief between the existing

parties in his absence. Only McFarlin, in his improper Rule 19 motion, suggests that the existing parties may not be accorded complete relief in his absence. More specifically, he asserts that this court cannot accord complete relief *to the defendants* if his claims are not joined with Laass's, because the defendants would remain exposed to the additional suit he could bring in state court.

"Subsection '(a)(1)[(A)] requires joinder only when the absence of the unjoined party prevents complete relief among the current parties. . . . The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.'" *Gwartz v. Jefferson Mem. Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994) (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)). Where the presence of the person sought to be joined is not necessary to resolution of an existing party's claim, that person is not a necessary party. *Id.* at 1428-30. The only relief sought in the present action is tort damages claimed by Laass on behalf of herself, S.L., and David's estate; therefore, the proper inquiry is whether Laass can be made whole on her claims in McFarlin's absence. No one has suggested that she cannot be made whole in McFarlin's absence, because, as explained more fully below, her claims are entirely independent of McFarlin's. Neither McFarlin's assistance nor his approval is needed for Laass to assert claims or recover damages on behalf of David's estate. Any relief awarded to Laass on behalf of herself and S.L. for their alleged losses is entirely independent of any interest claimed by McFarlin, and the means of effectuating or administering this relief do not hinge on McFarlin's cooperation. Therefore, McFarlin is not a necessary person under Rule 19(a)(1)(A).[4]

---

[4]The typical situation in which Rule 19(a)(1)(A) requires joinder is when an unjoined party controls the means by which the requested relief would be effectuated or

(continued...)

*ii.* *Necessary party under Rule 19(a)(1)(B)(i)*. Under Rule 19(a)(1)(B)(i), a person is necessary to an action if he claims an interest relating to the subject matter of the action and disposing of the action in his absence would impair his ability to protect that interest. As a potential beneficiary of David's estate, McFarlin also has an interest in the outcome of David's estate's wrongful death action. However, McFarlin's perspective, as David's father, in David's estate's litigation of its claims is adequately represented by Laass, David's mother. *See Gwartz*, 23 F.3d at 1429 (holding that joinder of a person was not required under Rule 19(a)(1)(B)(i), cited as Rule 19(a)(2)(i), where an existing party had the same interest in establishing the facts as the missing party). Additionally, the present action does not concern the apportionment of David's estate's assets, and McFarlin's absence will not affect his ability to protect or obtain any portion of David's estate's assets to which he may be entitled.

McFarlin and the Dredging Defendants argue that McFarlin has an interest in the subject matter of the action to the extent of his filial loss of consortium claims, and his claims concerning the negligence of the defendants, as the basis for his loss of consortium claim. They argue that, if McFarlin cannot join this action, his ability to protect this

---

[4](…continued)
administered. *See, e.g., City of Syracuse v. Onondaga County*, 464 F.3d 297, 299 (2nd Cir. 2006). In *City of Syracuse*, an environmental organization sued Onondaga County for violating the Federal Water Pollution Control Act and obtained a judgment requiring the county to build a sewage treatment facility in Syracuse, New York. *Id.* at 300. The court held that the City of Syracuse was a necessary party to the action because Onondaga County would be unable to comply with the terms of the judgment without the city's approval to purchase the property on which to build the sewage treatment facility. *Id.* at 299. Because Onondaga County would not have been able to effectuate the remedy without the city's cooperation, complete relief could not be accorded in the city's absence. *Id.* Here, McFarlin does not control the means by which the relief requested by Laass would be effectuated or administered.

interest may be impaired because Iowa law requires that consortium claims be joined with the estate administrator's wrongful death claims. McFarlin and the Dredging Defendants also argue that a favorable judgment to the defendants on the issue of negligence in the present action would impede McFarlin's ability to protect this interest, because the defendants could then use that judgment to preclude McFarlin from litigating his claims in state court. A review of Iowa law reveals that neither the requirement to join consortium claims with wrongful death claims nor the doctrine of issue preclusion will impair McFarlin's ability to protect his interest.

Although loss of consortium claims are independent from the injured person's or estate administrator's claims, they must be joined with such claims whenever feasible. *Madison v. Colby*, 248 N.W.2d 202, 209 (Iowa 1984). This rule reflects Iowa courts' integration of the independent, statutory right of a family member to recover for the "expense and actual loss of services, companionship, and society" resulting from the injury or death of a loved one, *see, e.g.*, IOWA CODE § 613.15A (defining a parent's right to recover consortium damages for the loss of a child), and preexisting common-law consortium causes of action. *Madison*, 248 N.W.2d at 208. In particular, the courts were concerned with eliminating the overlap between an injured person's or an administrator's right to recover the value of lost services and support on behalf of family members and the family members' own right under IOWA CODE § 613.15 to recover lost services, which included both economic support and affection. *See Madison*, 248 N.W.2d at 209.

Iowa courts have "specifically refused to make joinder [of consortium claims and administrator's claims] mandatory." *Christy v. Miulli*, 692 N.W.2d 694, 706 (Iowa 2005); *see also Beeck v. S.R. Smith Co.*, 359 N.W.2d 482, 487 (Iowa 1984) ("[I]f prosecution of the children's [consortium] claims with the parent's [injury] claim is unfeasible, the children's claim may be brought by them through a next friend or by the children

themselves if they have achieved their majority. The parent is merely the conduit, the nominal plaintiff."). The "join if feasible" rule urges judicial efficiency and proper indemnity while preserving consortium claimants' right to recovery and reasonable control over the fate of their claims. *See Craig v. IMT Ins. Co.*, 407 N.W.2d 584, 586 (Iowa 1987) (recognizing that "[l]oss of consortium is an independent and distinct cause of action wholly separate from any cause of action otherwise available to the child itself"); *In re Marriage of Hutchinson*, 588 N.W.2d 442, 450 (Iowa 1999) (holding that a child could bring parental loss of consortium claim independently where the injured parent refused to sue her doctors); *Nelson v. Ludovissy*, 368 N.W.2d 141, 146 (Iowa 1985) (holding that adult children could bring consortium claims separately from their father's wrongful death claim where joinder prevented the children from controlling their own claims).

McFarlin's failure to join Laass's action on behalf of David's estate will not preclude his claims, because his joinder is not feasible. *Cf. Beeck*, 359 N.W.2d at 487. As I explained when I construed McFarlin's improper Rule 19 motion to join as a Rule 24 motion to intervene, this court does not have jurisdiction to hear McFarlin's claims because he is not diverse from all defendants and 28 U.S.C. § 1367(b) denies supplemental jurisdiction to non-diverse parties proposed to be joined as plaintiffs under Rule 19 or Rule 24. McFarlin's situation fits squarely within the joinder rule's purpose to promote efficiency and to prevent double recovery while preserving a claimant's right to recover his own consortium losses where joinder is impossible.

McFarlin and the Dredging Defendants also argue that the doctrine of issue preclusion will prevent McFarlin from litigating his claims in state court if Laass receives

an unfavorable judgment on a common, dispositive issue.[5]   The doctrine of issue preclusion allows a party to prevent its adversaries from relitigating issues already decided in its favor. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).   The theory behind issue preclusion is that when parties have had a full and fair opportunity to litigate an issue, they should not be allowed to drag their adversaries back into court or waste judicial resources relitigating that same issue. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).   Traditionally, issue preclusion may only be applied against adversaries who were parties to the suit that originally decided the issue; however, many courts have recognized that issue preclusion may be applied against non-parties to the original action when the non-party "was so connected in interest with one of the parties in the former action as to have had a full and fair opportunity to litigate the relevant claim or issue and be properly bound by its resolution." *Hunter*, 300 N.W.2d at 123; *see also Goolsby v. Derby*, 189 N.W.2d 909, 916-17 (Iowa 1971) (extending the doctrine of issue preclusion to include defensive use of judgments by "strangers" to the action in which the judgment was rendered).

Iowa law allows defendants who received a favorable judgment in a prior litigation to bind future plaintiffs to the judgment when "either the person precluded has had the opportunity to litigate the matter or his interests have been adequately represented in the initial litigation." *Bryan v. Hall*, 367 N.W.2d 251, 252 (Iowa Ct. App. 1985).   A prior judgment may preclude a new plaintiff from relitigating an issue if the plaintiff could have

---

[5]The Dredging Defendants assert that the existing plaintiffs may be similarly precluded from arguing the defendants' negligence if McFarlin's hypothetical state court action reached judgment first.   Even if Iowa law would preclude the existing plaintiffs' claims in this situation, denying these plaintiffs their choice of forum so that they may join their claims with a state court action that does not even yet exist is a perverse interpretation of Rule 19.

joined the action in which the judgment was rendered, but failed to do so. *Id.* In *Bryan*, after a judgment in tort releasing the defendant from liability for a woman's injuries in an automobile accident, the woman's son brought a separate action against the defendant for parental loss of consortium resulting from the same accident. *Id.* at 252. The court held that the prior judgment precluded the son from rearguing the issue of the defendant's negligence, because the son showed no reason why he could not have joined his mother's action. *Id.* at 254. In contrast, in *Lyons v. Anderson*, 123 F. Supp. 2d 485 (N.D. Iowa 2000), a case interpreting Iowa law, the plaintiff brought a negligence action against the defendant for injuries she sustained when the defendant's truck collided with an ambulance in which she was a passenger. *Id.* at 486. Even though the plaintiff did not resist efforts to consolidate, the court nevertheless denied the defendant's motion to join the plaintiff's claim with that of the ambulance's driver. *Id.* at 487. The court then held that the defendant could not defensively invoke a judgment of no negligence in the ambulance driver's case to preclude the plaintiff from asserting her claims, because the plaintiff was unable to join the driver's action per court order. *Id.* at 501.

Anomalously, McFarlin cites the holding in *Bryan* to support his contention that issue preclusion would apply to his consortium claim if the defendants were judged not negligent in the present action. However, *Byran* is clearly distinguishable from this case because, unlike McFarlin, whose claims cannot be joined with Laass's for want of jurisdiction, the son in *Bryan* had not shown any impediment to the joinder of his consortium claim with his mother's negligence claim. *See Bryan*, 367 N.W.2d at 254. McFarlin's situation is akin to the plaintiff's situation in *Lyons,* where the plaintiff's failure to join her claim with that of a similarly-situated plaintiff resulted from a court order. *Lyons*, 123 F. Supp. 2d at 501. Because joinder of McFarlin's claims with those of the existing plaintiff is barred by this court's denial of his motion to intervene, the defendants

may not preclude him from arguing their negligence in a later proceeding. Therefore, McFarlin is not a necessary party under Rule 19(a)(1)(B)(ii) because his failure to join this action will not impair his ability to protect his interest in recovering for loss of consortium related to his son's death.

  *iii.  Necessary party under Rule 19(a)(1)(B)(ii).*  Under Rule 19(a)(1)(B)(ii), a person is necessary if his absence would leave an existing party at risk of multiple or inconsistent obligations. McFarlin and the Dredging Defendants argue that, unless McFarlin's claims are joined with Laass's, the defendants will run the risk of incurring "double the expense" of litigating claims related to the same occurrence. The Eighth Circuit Court of Appeals has recognized that "double, multiple, or inconsistent obligations" within the meaning of the rule does not mean just that a defendant might face a suit by the absent party sometime in the future, but that the defendant will be required to pay damages more than once to an existing party or the absent party. *See Gwartz*, 23 F.3d at 1430. Here, there is no realistic possibility that the defendants will be required to pay damages more than once to an existing party and to McFarlin, even if they might face a suit by McFarlin sometime in the future. McFarlin's consortium claim is entirely independent from the consortium claims that Laass brings on behalf of David's estate, herself, and S.L., as each person is separately entitled only to his or her own losses. While those losses stem from the same event—David's injury and death—the recovery amounts do not overlap. *Cf. Craig*, 407 N.W.2d at 586 (loss of consortium claims are independent and distinct from the cause of action available to the decedent).

  Other Rule 19 cases reveal that the extra cost of litigating closely related claims in different forums does not constitute a "double, multiple or otherwise inconsistent" obligation. A defendant is typically exposed to inconsistent obligations in actions seeking injunctive or declaratory relief where two or more parties have competing interests with

respect to the subject matter of the action and failure to bind all interested parties in the same action may result in incompatible judgments. *E.g., Coastal Communications Service, Inc. v. City of New York*, 658 F. Supp. 2d 425, 451 (E.D.N.Y. 2009). In *Coastal Communication Service*, for example, operators of public pay telephones sued the City of New York seeking declaratory relief that the city's collaboration with Verizon in illegal advertising and illegal operation of public pay phones violated the Federal Communications Act. *Id.* at 435. The court held that failure to bind Verizon in the action would leave the city at risk of incurring inconsistent obligations if Verizon succeeded in obtaining declaratory judgment in another court that its advertizing and operating scheme was legal. *Id.* at 451. As the court put it, "[o]n the one hand, the City would be violating the TCA, per this Court's order, by not enforcing the allegedly violated laws and rules against Verizon, while, on the other, Verizon would brandish its own court order shielding it from the City's enforcement." *Id.*

Double or multiple obligations exist when two or more parties claim the same or overlapping interests in one asset that is the subject of the action. *See, e.g, Capitol Medical Center, LLC v. Amerigroup Maryland, Inc.*, 677 F. Supp.2d 188, 192-93 (D.D.C 2010). In *Capitol Medical Center*, a managed care organization (MCO) had contracted with the owner of a hospital to pay the owner for services the hospital provided to the MCO's members. *Id.* at 189. The owner then sold the hospital to another company. *Id.* When the MCO continued to pay the former owner for the hospital's services, the purchasing company sued the MCO for breach of contract alleging that it had bought the MCO's contract in the hospital purchase. *Id.* at 190. The court held that the former owner was a necessary party to the action, because, if not joined, the former owner would be free to separately pursue its own breach of contract action against the MCO, thus,

exposing the MCO to the possibility of two separate court orders each demanding payment to a different company of money owed under the contract. *Id.* at 192-93.

The "doubling" of the defendant's litigation expenses is not a "double, multiple or inconsistent obligation" under Rule 19. In order for defendants to incur multiple or inconsistent obligations, McFarlin and Laass would have to have competing or overlapping interests in the same subject matter or asset. *See Capitol Medical Center*, 677 F. Supp. 2d at 192-93. McFarlin's interests are closely aligned with, but do not compete in any way with Laass's. Again, while the claimed losses of the existing plaintiffs and McFarlin stem from the same event—David's injury and death—the recovery amounts do not overlap.

McFarlin's consortium damages also do not overlap with the damages sought by Laass on behalf of David's estate. David's estate is entitled to recover for David's pre-death pain and suffering, pre-death loss of full mind and body, and the value of amounts David would have earned from age eighteen to death had he lived out a natural life. *See* IOWA CIVIL JURY INSTRUCTIONS § 200.26. McFarlin, on the other hand, is entitled to recover the value of services and society he would have received from his son from the time of his son's death until age eighteen and actual or reasonable burial and medical costs incurred on account of his son's death. *See* IOWA CIVIL JURY INSTRUCTIONS § 200.28. Because the damages that McFarlin may be entitled to recover do not compete or overlap with the damages that Laass may be entitled to recover, the defendants in this action will not be at risk of incurring multiple or inconsistent obligations if McFarlin is not joined.

Therefore, McFarlin is not a necessary party under Rule 19(a)(1)(B)(ii).

### d.    *The equity analyses*

As the Eighth Circuit Court of Appeals has explained, "If the person is not necessary, then the case must go forward without him and there is no need to make a Rule 19(b) inquiry." *Gwartz*, 23 F.3d at 1428. Because I find that McFarlin is not a necessary party under Rule 19(a), even if I had concluded that his joinder is feasible—and it is not—I

need not consider the question of whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed," as Rule 19(b) might otherwise require.

### III. CONCLUSION

McFarlin cannot seek joinder pursuant to Rule 19, because he is not a party to this litigation, and construed as a Rule 24 motion to intervene, his motion also fails, because this court does not have subject matter jurisdiction over his claim. Moreover, on the Dredging Defendants' Rule 19 motion to join McFarlin, I conclude that McFarlin's joinder is not feasible, precisely because this court does not have subject matter jurisdiction over his claim, and I also conclude that, even if his joinder is feasible, he is not a necessary or "required" party within the meaning of Rule 19(a). That conclusion makes it unnecessary for me to consider the alternative motions for dismissal under Rule 19(b) on equitable grounds.

THEREFORE,

1. David McFarlin's June 15, 2011, Motion To A. Join As A Party Per FRCP 19; Or, In The Alternative, To B. Dismiss The Within Action (docket no. 23) is **denied in its entirety**; and

2. The Dredging Defendants' July 1, 2011, Partial Resistance To Motion To Intervene/Dismiss (docket no. 24), joining in McFarlin's motion seeking dismissal pursuant to Rule 19, is also **denied in its entirety**.

**IT IS SO ORDERED.**

**DATED** this 6th day of September, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA